*Stip affects plan confirmation 9/17/2019*

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Angela Maria Velasquez fka Angela Maria Sanchez<br>                  Debtor | CHAPTER 13 |
| MIDFIRST BANK<br>                  Movant<br>vs. | NO. 18-17661 ELF |
| Angela Maria Velasquez fka Angela Maria Sanchez<br>                  Debtor | 11 U.S.C. Section 362 |
| William C. Miller, Esquire<br>                  Trustee | |

## STIPULATION

WHEREAS, Debtor, Angela Maria Velasquez FKA Angela Maria Sanchez ("Debtor") filed a Chapter 13 Bankruptcy Petition on November 17, 2018 [Dk. No. 1]; and

WHEREAS, MidFirst Bank ("MidFirst") filed a secured Proof of Claim on January 24, 2019 as Claim #1 ("Claim #1"); and

WHEREAS Debtor filed an Objection to Claim #1 on May 2, 2019 [Dk. No. 33]; and

WHEREAS Debtor and MidFirst desire to resolve Debtor's Objection to Claim #1 as set forth below:

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. Claim #1 is disallowed as filed;

2. MidFirst's Proof of Claim shall be allowed as an allowed secured claim, secured by a lien on Debtor's home located at 2071 E. Victoria Street, Philadelphia, PA 19134 (the "Secured Property") in the amount of $26,175.69, plus present value interest, which shall be the amount deemed to be due MidFirst on the unpaid balance of the judgment entered in the state court foreclosure litigation after application of all the pre-bankruptcy payments made on account of the judgment up to the date of the bankruptcy petition and after further reduction in settlement of all the claims that have been raised by Debtor.

3. By executing this Stipulation, Debtor agrees and confirms that adequate consideration has been exchanged and as a result, Debtor does hereby release and forever discharge MidFirst from any and all state or federal claims, demands or causes of action asserted, existing or claimed against either or all of them by reason of, arising from or related to the mortgage foreclosure litigation, bankruptcy filings and/or its debt collection activities and practices, which may exist from the beginning of time to the date of this Agreement. Debtor does further release and forever discharge MidFirst, and each of its parents, subsidiaries, affiliates, officers, directors, shareholders, partners, attorneys, trustees, affiliates, predecessors, successors, representatives, insurers, assignees, agents, employees, administrators, and all persons acting by, through or in any way on behalf of MidFirst (collectively "Released Parties"), from any and all claims, debts, defenses, liabilities, costs, attorneys' fees, actions, suits at law or equity, demands, contracts, expenses, damages, whether general, specific or punitive, exemplary, contractual or extra-contractual, and causes of action of any kind or nature which Debtor may now have or claim to have against the Released Parties, including without limitation all claims or causes of action which in any way, directly or indirectly, or in any other way arises from or are connected with or which could have been asserted in connection with any claim, cause of action, damages, promises or demands which may exist from the beginning of time to the date of this Agreement; and the Parties further covenant and agree that this Agreement may be pleaded or asserted by or on behalf of MidFirst as a defense and complete bar to any action or claim that may be brought against or involving the Released Parties by anyone acting or purporting to act on behalf of Debtor with respect to any of the matters within the scope of this Agreement excepting only the obligations of the Parties under this Agreement. This full and final release shall cover and shall include and does cover and does include any and all known or future damages not now known to

any of the Parties hereto, but which may later develop or be discovered, including the effects and consequences thereof, and including all causes of action therefore which arise out of the same facts as were alleged or could have been alleged in this dispute.

4. Debtor shall file an amended chapter 13 plan consistent with this stipulation of settlement which shall incorporate the stipulation of settlement by reference.

5. Debtor's amended chapter 13 plan shall provide for the payment of the unpaid balance of the allowed secured claim as of the date of confirmation, plus present value interest on the unpaid balance of the allowed secured claim at the rate of 6% simple interest per annum, which payments shall continue until 100% of the unpaid balance of the allowed secured claim at the rate of 6% simple interest per annum, which payments shall continue until 100% of the unpaid balance of the allowed secured claim, plus all present value interest is paid in full – no matter when that might occur.

6. The lien securing MidFirst's allowed secured claim shall relate back to the date of the mortgage which accompanied MidFirst's proof of claim and which was the mortgage upon which the state court foreclosure action was based.

7. The parties stipulate that MidFirst is the entity entitled to enforce and to collect the default judgment entered in state court foreclosure action.

8. Any lien which MidFirst had or may have had securing the allowed secured claim is void pursuant to 11 U.S. C. §506(d) to the extent it exceeds the unpaid balance of $26,175.69, plus present value interest. This amount shall not be dependent on the Debtor remaining in a chapter 13 bankruptcy, and this determination shall survive any dismissal, conversion or termination of the debtor's bankruptcy.

9. Debtor's amended chapter 13 plan shall expressly obligate Debtor to pay her real estate taxes and to maintain hazard insurance naming MidFirst as a loss payee until 100% of the unpaid balance of the allowed secured claim is paid in full.

10. This Agreement is entered into by the Parties for the purpose of compromising and settling matters in the mortgage foreclosure action and debt collection activities between and among them. This Agreement does not constitute, and shall not be construed as, an admission by any Party of the truth or validity of any claims asserted or contentions advanced by any other party.

11. The parties agree that a facsimile signature shall be considered an original signature.

Date: August 23, 2019         By: /s/ Kevin G. McDonald, Esquire
                              Attorney for MidFirst Bank

Date: 8/28/2019               _____
                              Brandon J. Perloff, Esquire
                              Attorney for Debtor

Date: 9/6/19                  _____
                              William C. Miller, Esquire     NO OBJECTION
                              Chapter 13 Trustee             *without prejudice to any
                                                             trustee rights and remedies.

## ORDER

Approved by the Court this 9th day of September, 2019. However, the court retains discretion regarding entry of any further order.

_____
Bankruptcy Judge
Eric L. Frank