*Stip does not directly affect confirmed plan.*

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Angela Maria Velasquez fka Angela Maria Sanchez<br>    Debtor | CHAPTER 13 |
| MIDFIRST BANK<br>    Movant<br>vs.  | NO. 18-17661 ELF |
| Angela Maria Velasquez fka Angela Maria Sanchez<br>    Debtor | 11 U.S.C. Section 362 |
| William C. Miller, Esquire<br>    Trustee | |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the mortgage held by the Movant on the Debtor's residence is **$2,033.14,** which breaks down as follows;

| | |
|---|---|
| Taxes: | 02/07/2019 in the amount of $162.14 |
| Insurance: | 04/22/19 in the amount of $1,871.00 |
| **Total Post-Petition Arrears** | **$2,033.14** |

2. The Debtor(s) shall cure said arrearages in the following manner;

    a). Beginning on October 1, 2019 and continuing through March 1, 2020, until the arrearages are cured, Debtor(s) shall pay **$338.56 from October 2019 to February 2020 and $338.84 for March 2020** towards the arrearages on or before the last day of each month at the address below;

MIDLAND MORTGAGE
999 N.W. Grand Boulevard, Suite 100
Oklahoma City, OK 73118-6116

    b). Maintenance of current monthly mortgage payments to the Movant thereafter.

3. Should debtor(s) provide sufficient proof of payments (front & back copies of cancelled checks and/or money orders) made, but not credited, Movant shall adjust the account accordingly.

4. In the event the payments under Section 2 above are not tendered pursuant to the terms of this stipulation, the Movant shall notify Debtor(s) and Debtor's attorney of the default in writing and the Debtors may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor(s) should fail to cure the default within fifteen (15) days, the Movant may file a Certification of Default with the Court and the Court shall enter an Order granting the Movant relief from the automatic stay.

5. The stay provided by Bankruptcy Rule 4001(a)(3) is waived.

6. If the case is converted to Chapter 7, the Movant shall file a Certification of Default with the court and the court shall enter an order granting the Movant relief from the automatic stay.

7. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8. The provisions of this stipulation do not constitute a waiver by the Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

9. The parties agree that a facsimile signature shall be considered an original signature.

Date: September 13, 2019

By: /s/ Kevin G. McDonald, Esquire
Attorney for MidFirst Bank

Date: October 16, 2019

/s/ Brandon J. Perloff, Esquire,
Brandon J. Perloff, Esquire
Attorney for Debtor

Date: 10/18/19

William C. Miller, Esquire
Chapter 13 Trustee

NO OBJECTION
*without prejudice to any trustee rights and remedies.

**ORDER**

Approved by the Court this 23rd day of October, 2019. However, the court retains discretion regarding entry of any further order.

_____
Bankruptcy Judge
Eric L. Frank